# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-361V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
MICHAEL BULL,                      *
                                   *          Chief Special Master Corcoran
               Petitioner,         *
                                   *
        v.                         *          Filed: December 13, 2021
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
               Respondent.         *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, Petitioner.

*Traci R. Patton,* U.S. Dep't of Justice, Washington, DC, Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On March 8, 2018, Michael Bull filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he had experienced vaccine-induced neuropathy due to the administration of the influenza ("flu") vaccine on October 5, 2016. Petition (ECF No. 1) at 1–2. A decision denying entitlement was entered on April 20, 2021. ECF No. 58 ("Decision"). Petitioner then moved for review of my decision (ECF

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

No. 59), but the motion was unsuccessful. ECF No. 66. Petitioner did not pursue further appellate review of the matter.

Petitioner previously requested an interim award of attorney's fees and costs on February 11, 2020. Motion for Interim Attorney's Fees and Costs, dated Feb. 11, 2020 (ECF No. 35). Petitioner received $74,873.36, representing $42,901.50 in fees and $31,971.86 in costs, with minor adjustments to rates and requested but unsubstantiated costs. Decision, dated Dec. 4, 2020 (ECF No. 35) ("Interim Fees Decision"), at 13. Petitioner requested and was granted $29,003.13 in attorney's fees and costs. Decision—Interim Attorney's Fees and Costs, dated Apr. 30, 2020 (ECF No. 40).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Oct. 29, 2021 (ECF No. 69) ("Final Fees Mot."). Petitioner requests $33,423.17 in fees and costs for the work of one attorney, Mr. Mark Sadaka, and one paralegal, Ms. Michele Curry, reflecting $32,263.20 in attorney and paralegal work, plus $1,159.97 in costs. *Id.* at 4, 8–9. Respondent reacted to the final fees request on November 1, 2021. Response, dated Nov. 1, 2021 (ECF No. 70) ("Response"). Respondent states that the Petitioner has "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and asks that I exercise my discretion in determining a reasonable award for attorneys' fees and costs. *Id.* at 2–3. Petitioner subsequently filed a reply requesting the initial amount requested. Reply, dated Nov. 1, 2021 (ECF No. 71).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$33,423.17** reflecting $32,263.20 in attorney's fees and $1,159.97 in costs.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master *may* also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, reasonable basis is only a threshold requirement in unsuccessful cases—establishing it does not *obligate* a special master to award fees, and the calculation of the sum to be awarded is otherwise subject to the same reasonableness standards governing all fees determinations.

A claim's reasonable basis must be demonstrated through some objective evidentiary

showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim* itself—counsel's conduct in prosecuting the claim is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what was learned about the evidentiary support for the claim as the matter progressed. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Although Petitioner did not succeed on his claim, it had an underlying reasonable basis. In my Entitlement Decision, I specifically noted that "Petitioner does seem to have suffered *some* kind of post-vaccination injury." Decision at *2. Petitioner simply could not substantiate his alleged specific injury, nor did he otherwise meet the preponderant overall standard for compensation. *Id.* at *18. But the core facts supportive of the claim remained, and they were sufficient for me to find the case was reasonably pursued. As I find no other independent reason for denying fees, I shall permit a final award herein.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

| **Attorney** | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|
| **Mr. Mark Sadaka, Esq.** | $396.00 | $405.00 | $422.00 | $444.00 |
| **Paralegal** | | | | |
| **Ms. Michele Curry** | $150.55 | $156.00 | $163.00 | $172.00 |

Final Fees Mot. at 4.

Mr. Sadaka practices in Englewood, New Jersey—a jurisdiction that has been deemed "in forum." Accordingly, he is entitled to the rates established in *McCulloch*. *See Brown v. Sec'y of Health & Hum. Servs.*, No. 20-375V, 2021 WL 5070155, at *4 (Fed. Cl. Spec. Mstr. Sept. 20, 2021). The rates requested for Mr. Sadaka are also consistent with what has previously been awarded for his time, in accordance with the Office of Special Masters' fee schedule and previous interim fees decision in this case as well.[4] *Rose v. Sec'y of Health & Hum. Sevs.*, No. 17-1770V, 2021 WL 3053035, at *3 (Fed. Cl. Spec. Mstr. June 28, 2021). I thus find no cause to reduce them in this instance. And the additional work performed on this matter was reasonably incurred, so I will make no adjustments to the sum to be awarded.

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Nov. 5, 2021).

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,159.97 in costs, solely based on the fees incurred since the date of the interim award for the work of expert Paul F. Nassab, M.D., plus mailing costs. *See* ECF No. 69-2. Dr. Nassab's final invoice was of $1,152.50, and reflected work that was not previously billed or reimbursed in the prior interim award. *Id.* at 3. I find the amount requested to be reasonable, even though the expert invoice does not break down a specific hourly rate or total hours devoted to the matter. Mailing costs are also common in the Vaccine Program and fairly reimbursed if reasonable, and I find them reasonable here.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion, awarding a total of **$33,423.17,** reflecting $32,263.20 in attorney's fees and $1,159.97 in costs, in the form of a check made jointly payable to Petitioner and his attorney Mr. Mark Sadaka. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.